United States District Court
Southern District of Texas

**ENTERED**

June 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| PATRICK SEAN HAWKINS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00026 |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo & Company Short Term Disability Plan (the "Plan"), and the Lincoln National Life Insurance Company move to dismiss Plaintiff Patrick Hawkins's claim under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Dkt. 27. For the reasons discussed below, I recommend the motion be granted.

## BACKGROUND[1]

Hawkins worked for Wells Fargo and was a Plan participant. He alleges that "[o]n or about October 5, 2024, [he] became unable to perform the essential functions of his occupation due to severe work-related stress, anxiety, and symptoms associated with Attention-Deficit/Hyperactivity Disorder." Dkt. 21 at 3. Hawkins submitted a claim for short-term disability benefits under the Plan. Lincoln, the Plan's administrator, denied Hawkins's claim for benefits, "asserting that the medical evidence did not support a disabling impairment as of October 5, 2024." *Id.* at 4. Hawkins contends that he was wrongfully denied short-term disability benefits. Among the causes of action included in the Second Amended

---

[1] This background section is taken from the live pleading, Hawkins's Second Amended Complaint. *See* Dkt. 21. At the motion to dismiss stage, I must accept "all well-pleaded facts as true, viewing them in the light most favorable to [Hawkins]." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation omitted).

Complaint are a claim for wrongful denial of benefits under § 502(a)(1)(B)[2] (Count 1), and a claim for equitable relief under § 502(a)(3)[3] (Count 2). Hawkins pleads Count 2 as an alternative claim, which he asserts only "to the extent the Court determines that relief under § 502(a)(1)(B) is unavailable, incomplete, or inadequate." Dkt. 21 at 12. Defendants have moved to dismiss Count 2, arguing that it is duplicative of Count 1.

**LEGAL STANDARD**

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield*

---

[2] 29 U.S.C. § 1132(a)(1)(B).

[3] 29 U.S.C. § 1132(a)(3).

*v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A motion to dismiss in the ERISA context is an "important mechanism for weeding out meritless claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). District courts are instructed to undertake "careful, context-sensitive scrutiny of a complaint's allegations" to "divide the plausible sheep from the meritless goats." *Id.*

## ANALYSIS

Count 1 is for wrongful denial of benefits under § 502(a)(1)(B), which "provides a private right of action for persons alleging entitlement to benefits, or seeking to enforce or clarify rights, pursuant to the terms of an ERISA plan." *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1254 (5th Cir. 1993); *see also* 29 U.S.C. § 1132(a)(1)(B) (authorizing a suit by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").

Count 2 is a claim for equitable relief under § 502(a)(3), which permits plan participants to bring civil actions to obtain "appropriate equitable relief" to redress ERISA or plan violations. 29 U.S.C. § 1132(a)(3). Section 502(a)(3) is a broad, "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

The Fifth Circuit has explained that "a claimant whose injury creates a cause of action under ERISA § 502 (a)(1)(B) may not proceed with a claim under ERISA § 502(a)(3)." *Manuel v. Turner Indus. Grp.*, 905 F.3d 859, 865 (5th Cir. 2018) (cleaned up); *see also Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (Because "[§ 502(a)(3)] only allows claims for the types of equitable relief typically available in equity, it follows, then,

that relief under § [502](a)(3) generally is unavailable when a plaintiff may seek monetary relief under [§ 502](a)(1)(B)." (cleaned up)); *Todd v. Aetna Life Ins. Co.*, No. 3:19-cv-699, 2021 WL 4497488, at *3 (S.D. Miss. Sept. 30, 2021) ("The law is clear in the Fifth Circuit. If Plaintiff has a claim for benefits under § [502](a)(1)(B), she may not also pursue a claim under § [502](a)(3).").

Hawkins advances several arguments as to why this court should refuse to dismiss his § 502(a)(3) claim. None of them sway me.

First, Hawkins notes that his § 502(a)(3) claim is plead in the alternative. He argues that "Rule 8(d)(2) permits alternative pleading at the pleading stage where adequacy of relief remains unresolved." Dkt. 30 at 2. This argument ignores binding Fifth Circuit precedent. "Simply because a plaintiff does not prevail on a § [502](a)(1) claim does not make viable an alternative claim under § [502](a)(3)." *Innova*, 892 F.3d at 733. As one district court recently explained, "[a]lternative pleading of a catch-all claim is not allowed in ERISA cases. True, alternative pleading is allowed in most civil cases. But ERISA is different. Section [502](a)(3) is a catch-all provision." *Flores v. Hartford Life & Accident Ins. Co.*, No. 3:23-cv-2687, 2025 WL 346934, at *2 (N.D. Tex. Jan. 30, 2025); *see also Price v. Life Ins. Co. of N. Am.*, No. CV H-18-3900, 2019 WL 2880992, at *3–4 (S.D. Tex. July 3, 2019) ("[A] plausible claim for relief under § 502(a)(1)(B) . . . prevents asserting a viable claim for breach of fiduciary duty under § 502(a)(3) . . . even if [the § 502(a)(3)] claim is pled in the alternative.").

Second, Hawkins insists that his § 502(a)(3) claim is not duplicative of his § 502(a)(1)(B) claim because his § 502(a)(3) claim seeks two unique equitable remedies: (1) a surcharge against fiduciaries personally; and (2) injunctive relief requiring compliance with ERISA's procedural requirements. Along these same lines, Hawkins claims that he challenges the review process rather than a benefits determination. These arguments miss the mark. To determine whether a § 502(a)(3) claim is duplicative of a § 502(a)(1)(B) claim and therefore barred, I must look at the underlying alleged injury. *See Manuel*, 905 F.3d at 865.

4

Hawkins's allegation that he has been wrongfully denied ERISA benefits creates a cause of action under § 502(a)(1)(B). Although Hawkins may label his relief differently (equitable rather than legal), in essence, he seeks the same remedy with both claims: the value of his benefits. *See Innova*, 892 F.3d at 733–34 ("[C]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." (quotation omitted)). Indeed, Hawkins readily acknowledges that the surcharge remedy he seeks is the value of the ERISA benefits he is trying to obtain by way of his § 502(a)(1)(B) claim. *See* Dkt. 21 at 12 (seeking a "[s]urcharge against the fiduciaries to compensate for losses caused by their breaches[,]" which "includ[es] the denial of benefits.").

Hawkins's effort to obtain declaratory and injunctive relief requiring Wells Fargo to comply with ERISA's procedural requirements does not save his § 502(a)(3) claim. In *Manuel*, the Fifth Circuit affirmed the dismissal of a plaintiff's § 502(a)(3) claim that attacked claims procedures, holding that § 502(a)(1)(B) provides an avenue for such claims for benefits. *See* 905 F.3d at 867. Similarly, in *Innova*, the Fifth Circuit upheld the district court's dismissal of a plaintiff's § 502(a)(3) breach of fiduciary duty claim, finding that although that claim facially sought different relief than the § 502(a)(1)(B) claim, it was "essentially [a] claim[ ] for benefits denied." 892 F.3d at 733. The same rings true here.

Although Hawkins claims that Defendants failed to provide "a full and fair review of his claims," he describes the harm he has suffered as a "denial of benefits." Dkt. 21 at 12. Because Hawkins's alleged injuries can be addressed by enforcing the terms of the Plan, he must bring such claims under § 502(a)(1)(B), not § 502(a)(3). *See Manuel*, 905 F.3d at 867 (A plaintiff "may attack problematic administrative claims procedures under ERISA § 502(a)(1)(B)."); *Innova*, 892 F.3d at 734 (When a plaintiff "has an adequate mechanism for redress under § [502] (a)(1)(B)[,]" the plaintiff "may not simultaneously plead claims under § [502](a)(3)."). Count 2 should be dismissed. *See Moody v. Nat'l W. Life Ins. Co.*, No. 1:25-cv-00743, 2026 WL 896223, at *5 (W.D. Tex. Mar. 26, 2026) (dismissing

a § 502(a)(3) claim because "Plaintiff has an adequate remedy under Section 502(a)(1)(B), and under current precedent, he cannot proceed with his Section 502(a)(3) claim.").

## CONCLUSION

For the reasons discussed above, I recommend that Defendants' motion to dismiss Hawkins's claim for equitable relief under § 502(a)(3) (Dkt. 27) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18 day of June 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE